**UNITED STATES of America,**
**Appellee,**

v.

**Leslie Gene UNTIEDT, Appellant.**

**No. 72–1752.**

United States Court of Appeals,
Eighth Circuit.

June 8, 1973.

Rehearing and Rehearing En Banc
Denied July 18, 1973.

**1266**

Robert C. Gross, Cedar Rapids, Iowa, for appellant.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, and Alan H. Kirshen, Asst. U. S. Attys., Sioux City, Iowa, filed printed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Leslie Gene Untiedt appeals from the denial of his motion to vacate sentence. On September 5, 1972, he pleaded guilty to stealing, receiving, possessing and concealing goods of a value of more than $100 which were part of an interstate shipment, in violation of 18 U.S.C. § 659. On appeal, Untiedt alleges that he was coerced into pleading guilty by the government's threat to try him as a dangerous and special offender under 18 U.S.C. § 3575, and that the government did not fulfill its part of the plea bargain.

In viewing the transcript of the guilty plea proceeding, we questioned whether F.R.Crim.P. 11 had been complied with. As this Court has previously stated, we have a duty to review compliance with Rule 11 even where that issue is not presented to the trial court. United States v. Briscoe, 428 F.2d 954, 957 (8th Cir. 1970), cert. denied, 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970).

We hold that the judge at the guilty plea proceeding did not adequately establish on the record that there was a factual basis for the plea as required by Rule 11. At this proceeding, the prosecutor first stated what was charged by the indictment. The following then took place:

"Q. Leslie Gene Untiedt, did you in fact commit this offense?

"A. Yes.

\*　　\*　　\*　　\*　　\*　　\*

"The Court: Mr. Untiedt, what were the goods that you have either possessed or concealed or received or stolen in this case?

"The Defendant: It was meat, Your Honor.

"The Court: What form was it?

"The Defendant: I really don't know. I didn't see the inside of the truck.

"The Court: It was in a truck, trailer, the meat?

"The Defendant: Yes."

This brief exchange does not sufficiently establish a factual basis for the plea. There was no discussion of the acts Untiedt actually performed. There was no showing that the goods stolen were part of an interstate shipment.

The purpose of Rule 11 is to assure that the defendant is pleading guilty to committing acts which do in fact constitute the offense charged. As the Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), stated:

"Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge [1].'"

*Id.* at 467, 89 S.Ct. at 1171.

The court below could have asked Untiedt to describe what he did and intended, or could have asked the government to outline its proof. As our Court stated in United States v. Cody, 438 F.2d 287, 289 (8th Cir. 1971), thorough judicial inquiry is required to determine that the elements of the offense were present, therefore establishing a factual basis for the plea. The inquiry which took place here was far from thorough. The sentence and guilty plea must be vacated, and Untiedt must be allowed to plead anew. McCarthy v. United States, 394 U.S. at 463–464, 89 S.Ct. 1166.

Reversed.