**Earl Lee 2X WILLIAMS, Petitioner,**
v.
**UNITED STATES of America, Respondent.**

No. 3–74–Civ–94.

United States District Court,
D. Minnesota,
Third Division.

April 1, 1975.

force, violence and intimidation . . . approximately $39,000.00 belonging to and in the care, custody, control, management and possession of the Western State Bank, a banking institution insured by the Federal Deposit Insurance Corporation; in violation of 18 USC Section 2113(a)."

The plea of guilty was entered before the late Judge Neville on December 14, 1971. The petitioner claims that the Court in accepting the plea did not comply with Rule 11, principally in that there was no record showing of a factual basis for the guilty plea.

The pertinent records and transcripts have been examined. At the time the plea of guilty was entered, the information was read to this petitioner and three co-defendants. The three co-defendants entered a plea of "guilty." This petitioner responded "guilty, with an explanation." When interrogated by the Assistant United States Attorney, he was asked, as the others were, "Now, were you in the Western State Bank on the afternoon of July 9, 1971?"

He answered: "No."

The transcript goes on:

Question: "You did not—did you participate, plan, or otherwise engage in taking money from the Western State Bank?"

Answer: "Yes."

Question: "And would you tell the Court what your participation was "

Answer: "I decline respectfully."

Question: "Did you participate in the taking of $39,000?"

Answer: "I participated in a robbery."

Question: "With an explanation. Would you then give that explanation to the Court at this time?"

Answer: "My contention is for this trial, you know. Like I'm only concerned, you know, with the outcome with these fellows that I participated with, you know, in a robbery, but as far as I'm concerned, I would hurt them, you

Joseph T. Dixon, Jr., Minneapolis, Minn., for petitioner.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

## ORDER

DEVITT, Chief Judge.

Petitioner, a resident at the Federal Penitentiary in Marion, Illinois, seeks an order vacating and setting aside the plea of guilty entered by him to the charge of

" . . . willfully and unlawfully and with felonious intent, take by

know, by not becoming a part of this travesty. So therefore, as far as I'm concerned, you know, is irrelevant as far as my personal welfare, because I love black and its people. That's my explanation."

Petitioner never did state for the record what his participation was. Later on in the discussions between defendants and the Court, Mr. Collier, one of the defendants, stated to the Court, "I'd like to bring out the fact, you know, in the course of committing this crime, that Earl Williams didn't actually have no knowledge, you know——." Then there was the statement by Mr. Williams to Mr. Collier, "Just be quiet." Then a statement by the Court, "Actually what? I didn't hear that." Mr. Collier: "He wasn't actually aware that this was going to be taking place." A statement by the Court to Mr. Collier, "Was he present with you?" Answer: "Yes." The Court: "Well, he may have his own reasons for wanting to enter this plea, and the Court is willing to accept it, unless satisfied that he had nothing to do with it, or that he was being forced by somebody, and he says he's not." When questioned as to whether the plea was voluntary, the defendant responded to questions of the Court as follows:

The Court: "And Mr. Williams. Is anybody forcing you to do this?"

Mr. Williams: "No."

The Court: "Or threatening you, or anything of that nature?"

Mr. Williams: "It all depends on what you call a threat, Your Honor."

The Court: "Well, I mean do you want to explain that? What do you have in mind?"

Mr. Williams: "To hurt something I love, I'd hurt myself."

The Court: "What?"

Mr. Williams: "Rather than to hurt something that I loved, I would hurt myself."

The Court: "But has anybody physically threatened you in connection with this?"

Mr. Williams: "No."

Rule 11 of the Federal Rules of Criminal Procedure provides in pertinent part:

" . . . The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . The court shall not enter a judgment based upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

The last sentence of Rule 11 was added to the Rule in the 1966 Amendments. Three years later, the United States Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), reviewed Rule 11 and held that it:

" . . . requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " (emphasis added) 394 U.S. at 467, 89 S.Ct. at 1171.

Further, the McCarthy decision made clear the factual determination required must be made on the record:

"There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charge." (original emphasis) 394 U.S. at 470, 89 S.Ct. at 1173. See also, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); United States v. Davis, 493 F.2d 502 (5th Cir. 1974).

The Court in *McCarthy* said that " . . . a defendant is entitled to

plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." 394 U.S. at 463–464; 89 S.Ct. at 1169.

The Supreme Court observed in *McCarthy* that the purposes of Rule 11 were:

"First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." (emphasis added) 394 U.S. at 465; 89 S.Ct. at 1170.

At no point in the transcript of the proceedings is there a record of the precise act or conduct of the petitioner which allegedly constituted his "participation in the robbery." The only specific fact asked of petitioner was whether or not he was in the bank. To that question, he answered "No."

■ The case law is clear that a factual basis for accepting a guilty plea is not provided by requiring a defendant to admit to the conclusionary statements of the indictment or the information, United States v. Untiedt, 479 F.2d 1265 (8th Cir. 1973); or by acknowledgment of the elements of the offense and a reiteration of a guilty plea to those elements, United States v. Davis, 493 F.2d 502 (5th Cir. 1974); or by the reading of the indictment to a defendant, United States v. Cody, 438 F.2d 287 (8th Cir. 1971).

In the *Untiedt* case, the Court stated:

"The court . . could have asked Untiedt to describe what he did or in-

tended, or could have asked the government to outline its proof. As our Court stated in United States v. Cody, 438 F.2d 287, 289 (8th Cir. 1971), thorough judicial inquiry is required to determine that the elements of the offense were present, therefore establishing a factual basis for the plea. The inquiry which took place was far from thorough. The sentence and guilty plea must be vacated, and Untiedt must be allowed to plead anew." (emphasis added) 479 F.2d at 1266.

■ I conclude that the requirements of Rule 11 were not satisfied. The guilty plea is set aside and petitioner shall be brought before the Court to plead anew.