**UNITED STATES of America, Appellee,**

v.

**Elsie Jean WILLIAMS, Appellant.**

No. 75–1654.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1976.

Decided June 3, 1976.

Joel Case, Manchester, Mo., for appellant.

Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., for appellee; Donald J. Stohr, U. S. Atty. (Barry A. Short, U. S. Atty., effective May 15, 1976), St. Louis, Mo., on the brief.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Elsie Jean Williams appeals from the district court's [1] denial of her motion to vacate sentence pursuant to 28 U.S.C. § 2255 without the benefit of an evidentiary hearing. We affirm.

On November 4, 1974, appellant, with her court-appointed counsel, appeared before Judge Wangelin and entered a plea of not

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

guilty to an indictment charging her with four counts of forgery of United States Treasury checks (18 U.S.C. § 495) and seven counts of unlawful possession of stolen mail matter (18 U.S.C. § 1708). On December 2, 1974, appellant changed her plea of not guilty to guilty on Counts 7, 9 and 11. The district court accepted her guilty plea after lengthy interrogation of appellant and her counsel and advice to appellant of her rights in accord with Fed.P.Crim.P. 11. Thereafter, on December 30, 1974, the court imposed a sentence of five years on Count 7, ten years on Counts 9 and 11 respectively, the sentences to run concurrently with one another but consecutively to a six year term she was then serving in the United States penitentiary at Alderson, Virginia. During the sentencing proceedings the court, among other things, reviewed with appellant her previous record which indicated that since 1962 appellant had pled guilty and was sentenced on seven different occasions on charges involving forgery of United States Government checks and possession of stolen mail, and that she became involved in the instant matter while on furlough (and failed to return) from Alderson, Virginia, where she was serving a six year sentence.

On May 15, 1975, appellant filed a motion pursuant to 28 U.S.C. § 2255 with the district court to set aside her conviction on the following grounds: (1) that she was subject to prejudice by the court; (2) that she was sentenced on her past record; (3) that she was misled by her attorney who told her "that all charges would be dismissed if I co-operated;" that "I could not waive the indictment and plead guilty to the one count. * * * Two weeks later I was indicted on about 20 counts he [my attorney] told me to plead guilty to three counts of the indictment. That I never saw read. He told me when I get to court that the Judge will ask me if anyone had made promises or threats tell him no that the Judge is aware of the promise;" (4) that she was never told by her attorney or the judge that she could appeal after she was sentenced; (5) that the court was aware of the problems she was having with her at-

torney; (6) that her attorney requested more money than the court paid and that she paid him "$500 more in jail by check."

On June 24, 1975, after the government filed its response the court denied relief without a hearing, stating in part:

Petitioner's contentions are simply not supported by the record in this matter. On December 2, 1974, the petitioner, under oath, testified that no threats or promises had been made to her to induce her to plead guilty. * * * As to petitioner's allegation concerning her attorney's conduct, such matters should be settled through the civil processes of the courts.

Since petitioner was denied relief without a hearing, the question presented is whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." 28 U.S.C. § 2255. *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

In this appeal we are concerned primarily with petitioner's allegation that she was misled by her attorney informing her that all charges would be dismissed if she cooperated. In this connection we note that in a pro se brief filed with this court petitioner reiterates her claim that her attorney told her that "he had the word of the District Attorney that all charges would be dropped." She also related that after she had been indicted on "twenty some counts" upon advice of her attorney she initially pled not guilty. "A few weeks later, my attorney came back to the jail and told me that everything had been arranged; that for me to plead guilty on three of the counts and that he had the word of the District Attorney that I would only get five years running concurrently with the sentence I already had. He also told me that he needed $500.00 for representing me because the government was only paying him $190.00 to represent me. The cashier at the jail made out a check for $500.00 and gave it to him."

In view of petitioner's allegations concerning plea bargaining that were not disclosed in court and her claims of misconduct on the part of her appointed counsel, we appointed new counsel to present the instant appeal. Petitioner's claim that the district court was biased lacks any factual specification and therefore requires no discussion. Likewise her claim that she was sentenced on the basis of her past record is devoid of merit.

We will consider appellant's contention that an evidentiary hearing should have been held on her claim that a bargain had been struck that the charges would be dismissed if she cooperated with the authorities and her belated claim that the final arrangement was that upon a plea of guilty to three counts she would receive a five year sentence to run concurrently with her present sentence.

The transcript of the change of plea, among other things, reveals that appellant, after being sworn, was specifically interrogated with respect to whether any promises had been made in connection with her plea:

THE COURT: * * *

I'll ask you now, has anybody made any threats or promises to get you to plead guilty?

DEFENDANT: No, sir.

THE COURT: Do you believe there is any understanding or any prediction as to what sentence you might receive?

DEFENDANT: No, sir.

It should also be noted that at the beginning of the guilty plea proceedings the court was advised that defendant was pleading guilty to Counts 7, 9 and 11. The Assistant United States Attorney then stated that the government would move to dismiss the other counts at the time of sentencing. The court then directed that the defendant be sworn.

THE COURT: The reason I had you sworn, Miss Williams, is because the Government's indicated that if the Court accepts the plea of guilty to three of the Counts they will dismiss the others or will move to dismiss them. However, the final action on whether or not a Count is dismissed is up to me and I just want you to know that in the event that I refuse to dismiss these other Counts I will then allow you to withdraw your plea of guilty, if it's accepted, as to Count Seven, Nine and Eleven. You understand?

DEFENDANT: Yes, sir.

Thereafter the court explained the charge in each count, the maximum penalty on each count, and emphasized that in the aggregate punishment ranging up to 25 years or a fine of not more than $4,000 could be imposed and defendant responded that she understood. At the close of the plea hearing the court specifically inquired of both counsel for the government and the defendant if they knew of any additional questions and received a negative reply from each.

In *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 425 (1969), the Supreme Court in holding that Fed.R.Crim.P. 11 must be complied with observed "the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." We observed in *United States v. Woosley,* 440 F.2d 1280, 1281 (8th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971), that "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." However, it has been recognized that "like any procedural mechanism, its [Rule 11's] exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations." *Fontaine v. United States, supra,* 411 U.S. at 215, 93 S.Ct. at 1462, 36 L.Ed.2d at 172.

We are in accord with the rule adopted by the Fourth Circuit in *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir. 1975):

[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by that proceeding

unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.

See *Vandenades v. United States,* 523 F.2d 1220, 1223 (5th Cir. 1975); *Dugan v. United States,* 521 F.2d 231 (5th Cir. 1975); *Bryan v. United States,* 492 F.2d 775 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

In the instant case the district court was not required to conduct an evidentiary hearing on allegations which amounted to no more than a bare contradiction of statements petitioner made when she pled guilty. *Crawford, supra,* 519 F.2d at 350. If the allegations had gone beyond matters covered in the Rule 11 proceedings or were supported by credible affidavits that raised substantial inference that an unkept plea bargain was in fact made, section 2255 would ordinarily require a hearing. *Dugan, supra,* 521 F.2d at 233.

It should also be noted that Rule 11 now requires the court to make inquiry of the defendant concerning any discussions by counsel, and also requires that plea agreements be disclosed in open court:

Rule 11. Pleas

\* \* \* \* \* \*

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

(e) Plea Agreement Procedure.

\* \* \* \* \* \*

(2) Notice of Such Agreement. If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

\* \* \* \* \* \*

(5) Time of Plea Agreement Procedure. Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

Appellant has alleged that court-appointed counsel requested of her more money than the court paid, and she paid him "$500 more in jail by check." The Criminal Justice Act specifically prohibits appointed counsel from requesting or accepting payment from the person represented or in his behalf except as authorized or directed by the court.

(f) Receipt of other payments.—Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, \* \* \* or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

18 U.S.C. § 3006A(f).

The voucher submitted for services rendered includes a certification with respect to whether other payments have been received. We venture no opinion as to the merits of petitioner's claim but under the circumstances suggest that it is incumbent on the district court to take such action as

it deems necessary to ascertain that there has been no violation of the statute.

BRIGHT, Circuit Judge (concurring):

I concur in the affirmance since the principal factual matters directed to an alleged broken plea bargain were made in appellant's *pro se* brief submitted on appeal as supplementary to counsel's brief.

Since these new matters have not been considered by the district court, they should not be considered and denied on appeal. In my view, if the allegations made against her trial counsel are provable, this affirmance should not bar the appellant from resubmitting a factually detailed and sufficient new verified petition to the district court for its consideration.

Affirmed.