**UNITED STATES of America, Appellee,**

v.

**George William HILYER, Appellant.**

**No. 76–1169.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 19, 1976.

Decided Sept. 17, 1976.

---

George William Hilyer, pro se.

Thomas D. Thalken, Asst. U. S. Atty., and Daniel E. Wherry, U. S. Atty., Omaha, Neb., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

The determinative issue on this appeal from the district court's [1] denial of post-conviction relief is whether the dictates of Fed. R.Crim.P. 11 were complied with in the acceptance of appellant Hilyer's plea of guilty to a charge of interstate transportation of forged securities, 18 U.S.C. § 2314. We find that the district court did not establish an adequate basis in fact for the plea and thereby reverse.

On March 18, 1975, appellant pleaded guilty to an interstate transportation of forged securities. On September 29, 1975, the appellant filed a motion to vacate judgment and sentence under the provisions of 28 U.S.C. § 2255. Therein the appellant alleged that the district court was without jurisdiction to enter judgment and sentence for the reason that the government failed to show interstate transportation of the titles and that the titles were not securities within the meaning of 18 U.S.C. § 2314. The district court dismissed appellant's motion on January 20, 1976, without a hearing. On January 26, 1976, appellant filed a motion to vacate the order dismissing his motion under 28 U.S.C. § 2255. This motion was overruled by the district court on February 12, 1976. Appellant appeals pro se from the district court's denial of his section 2255 motion.

We need not consider the issues raised by appellant on appeal. Appellant below (but not on appeal) raised the issue of the district court's compliance with Fed.R. Crim.P. 11. It is our duty to review the record for compliance with Rule 11 even though appellant did not specifically raise the issue in his pro se section 2255 petition. *United States v. Untiedt,* 479 F.2d 1265, 1266 (8th Cir. 1973); *Majko v. United States,* 457 F.2d 790, 791 (7th Cir. 1972).

In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court formulated the guidelines for the acceptance of guilty pleas per Rule 11, Fed.R.Crim.P. One of the

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

*McCarthy* guidelines is the requirement that the judge "satisfy himself that there is a factual basis for the plea." *Id.* at 467, 89 S.Ct. at 1171. There must be sufficient evidence in the record to enable the trial court to be satisfied that the defendant's conduct was within the ambit of conduct defined as criminal by the statute in question. *Rizzo v. United States,* 516 F.2d 789, 793–94 (2d Cir. 1975); *United States v. Bethany,* 489 F.2d 91, 92 (5th Cir. 1974); *United States v. Untiedt, supra,* 479 F.2d at 1266. With this standard in mind, we turn to the record before us.

 The record discloses that the court asked Hilyer if he was offering to plead guilty for any reason other than the fact that he was guilty, to which Hilyer replied no. The court specifically found that the guilty plea was made knowledgeably and voluntarily. The court also stated it found "that in his Answer to Question 35, in particular, the facts there would justify a finding of guilty as to Count I if the case were tried * * *." Question 35 refers to the question "What acts did you do which cause you to think that you are guilty of the charge or charges to which you now want to plead GUILTY?" found in Hilyer's petition to enter a plea of guilty. To that question appeared this response:

> with Darrell Bailey leaving Detroit, rode to Blair Nebraska attempted to purchase license plates with forged title.

It is evident from this response that the question still remained as to whether or not the title had traveled interstate in its forged condition. As it was stated in *United States v. Owens,* 460 F.2d 467, 469 (5th Cir. 1972):

> It is obvious that to prove the commission of an offense under this portion of section 2314 the Government must show that the instrument traveled interstate in its forged or altered condition.

A further review of the record furnished us, including a transcript of the suppression hearing, sheds no light on this troublesome question. The presentence report contains no statement by Hilyer regarding the offense.

We conclude that the judge at the guilty plea proceeding did not adequately establish on the record that there was a factual basis for the plea as required by Rule 11. The sentence and guilty plea must be vacated, and Hilyer must be allowed to plead anew.

Reversed.