UNITED STATES of America, Appellee,

v.

Gregory GOTCHES et al., Appellants.

Nos. 76–1681 to 76–1683.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 6, 1976.

Decided Jan. 4, 1977.

Robert E. Ahrens, St. Louis, Mo., and George J. Cotsirilos, Gerald F. Murray and J. Rock Johnson, Chicago, Ill., for appellants.

Barry A. Short, U. S. Atty. and Frederick Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Appellants appeal from their respective convictions on pleas of guilty and sentences on Count I of a 31-count indictment charging that they caused to be transported from the Eastern District of Missouri in interstate commerce falsely-made and counterfeit securities, that is, checks drawn on the Mercantile National Bank at Dallas, Texas, in violation of Title 18, U.S.C., §§ 2 and 2314. The checks bore various dates from December 1975 to March 1976 and named some eight different payees. The district court[1] imposed an indeterminate sentence of three years imprisonment under 18 U.S.C. § 4205(b)(2) on each defendant to run concurrently with terms of thirty days and two years probation imposed on similar offenses in the United States District Court at Louisville, Kentucky. We affirm.

Initially appellants urge that the district court erred in refusing to transfer the case to the Western District of Kentucky where similar charges in 14 counts were then pending. When defendants appeared for arraignment before Judge Meredith on June 15, 1976, defense counsel stated that defendants desired to file a motion to transfer the case to the Western District of Kentucky. Judge Meredith stated he was not going to transfer the case and the case would be tried on July 12, 1976. Pleas of not guilty were then entered by each of the defendants, and they were granted one week in which to file motions. Thereafter each of the defendants filed motions under Fed.R.Crim.P. 20 for change of venue to the Western District of Kentucky and indicated they were going to plead guilty to the charge, and the court was advised that this was acceptable to the United States Attorney for the transferee district. The Assistant United States Attorney for the Eastern District of Missouri indicated the transfer was acceptable but no action had been taken because each of the defendants had previously been arraigned before Judge Meredith. Judge Meredith refused to grant the transfer. Thereafter each of the defendants plead guilty to Count I of the indictment. After interrogating the defendants in accord with Fed.R.Crim.P. 11, Judge Meredith accepted the pleas of guilty and fixed the date for sentencing one week after the scheduled sentencing in Kentucky.

Appellants now contend they were denied due process of law when, as a result of the trial court's improper refusal to transfer the case, they were prosecuted and sentenced twice for a single illegal scheme. To the extent that appellants contend that the district court erred in denying the motion to transfer, it must be recognized that

1. The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri.

a defendant who enters a voluntary and intelligent guilty plea with the assistance of competent counsel is bound by the well-established rule that he thereby waives all non-jurisdictional claims. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *United States v. Briscoe*, 428 F.2d 954 (8th Cir. 1970).

■ It is also well settled that in prosecutions under 18 U.S.C. § 2314 each check cashed constitutes a separate offense unless the checks all pass through interstate commerce together. *Strickland v. United States*, 325 F.2d 970 (8th Cir. 1964). In the instant case checks were cashed on numerous occasions during the three month period in the Eastern District of Missouri.

■ The motion for change of venue was addressed to the sound discretion of the trial judge. Appellants have failed to persuade us that the district court abused its discretion in refusing to transfer the case to the Western District of Kentucky. *United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir. 1970). The mere fact that similar offenses were pending in another district is not sufficient ground to show an abuse of discretion sufficient to warrant a reversal. *United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974).

■ Appellants complain because of the disparity of sentences imposed on similar conduct. In Kentucky, thirty days and two years probation were imposed. In the instant case, although defendants plead guilty to only one count out of thirty-one charged, we cannot say that the district court abused its discretion in imposing an indeterminate three year term. The penalty was well within the ten year term and $10,000 fine permitted by the statute. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973).

Affirmed.