**Lodee PERRY, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 77–291C(4).

United States District Court, E. D. Missouri, E. D.

April 7, 1977.

Lodee Perry pro se.

David M. Rosen, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for respondent.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of Lodee Perry filed pursuant to 28 U.S.C. § 2255. On February 3, 1975, movant pleaded guilty to the charge of possession of heroin with intent to distribute. On February 21, 1975, he was sentenced to a term of ten years' imprisonment to be followed by a special parole term of three years.

▇ Movant contends herein that he was denied effective assistance of counsel because his counsel did not explain to movant why he withdrew four pre-trial motions; counsel did not appeal as movant wanted him to do; and counsel had movant enter a guilty plea when there was no evidence to support a conviction to this charge. The record herein indicates that the motions which were withdrawn were motions for production of grand jury minutes, for production of favorable evidence, to suppress statements and to suppress evidence. The response by the government to these motions was that there were no recorded grand jury minutes, no favorable evidence in its possession, no statements made by movant, and no evidence seized from movant. It is obvious, therefore, that these motions had been mooted by the government's response. Movant's claim that his counsel was ineffective for failure to appeal the conviction following a guilty plea is totally without merit. There is no claim that the Court was without jurisdiction herein. The record refutes movant's last contention with respect to his counsel. The record establishes that it was movant's desire to plead guilty and that no threats or promises were made to get him to do so. Moreover, claims of insufficiency of evidence are not cognizable herein. *Houser v. United States*, 508 F.2d 509 (8th Cir. 1974).

▇ Movant contends that the conviction was obtained in violation of his privilege against self-incrimination. He states that the government did not establish his guilt beyond a reasonable doubt; that it was only his own testimony that was used. This claim may not be raised herein:

> The question of petitioner's actual guilt upon an acceptable guilty plea is not cognizable and an acceptable guilty plea waives all nonjurisdictional defects in the proceedings. *Houser, supra*, at 516.

▇ The contention that the indictment shows on its face that no offense was committed is also not cognizable. *Houser, supra*, at 514.

▇ Movant contends that Rule 11, Federal Rules of Criminal Procedure, was violated. He claims that he was given various

types of medication for heroin withdrawal and yet no doctor's statement was produced as to movant's physical condition. The record establishes, however, that movant was questioned about his physical condition and that he indicated that he felt all right. Under these circumstances, this contention is without merit. The record establishes that the requirements of Rule 11 were fully complied with herein.

 Lastly, movant contends that there was an unintelligent waiver of counsel. He claims that this was discussed off the record at the bench, and during a two hour postponement granted to him in order that he might obtain his own attorney to represent him. He further states that this request was denied. The record indicates that movant was represented by counsel. The record fails to indicate any two hour postponement of proceedings. There is no record of any request made by movant concerning a change of counsel, nor any record of any such request being denied. This Court would not have received or ruled upon such motion without a record being made. Accordingly, the Court concludes that this claim is not supported by the record.

The motion will be denied.