UNITED STATES of America, Appellee,

v.

Lloyd D. COWIN, Appellant.

No. 77–1636.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 23, 1977.

Decided Nov. 30, 1977.

Lloyd D. Cowin, filed brief pro se.

Barry A. Short (former U. S. Atty.), and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Lloyd C. Cowin appeals from a district court order denying his motion under 28 U.S.C. § 2255 (1970) to vacate his sentence. He contends that the district court failed to determine whether his guilty plea was voluntary, as required by Rule 11 of the Federal Rules of Criminal Procedure, and erred in not providing an evidentiary hearing on this § 2255 motion. We affirm.

Cowin pled guilty to one count of taking $10,000 from the person and presence of the president of a bank by force and violence, in violation of 18 U.S.C. § 2113(a) (1970), and to one count of kidnapping, in violation of 18 U.S.C. § 2113(e) (1970). The district court sentenced him to a life term for kidnapping and to twenty years on the other count, the sentences to run concurrently but not to commence until after he had finished a state prison term he was then serving. The district court later set aside the twenty-year sentence in response to Cowin's motion. Cowin then filed this § 2255 motion to vacate his life sentence. The district court denied the motion without a hearing.

Cowin first contends that his guilty plea was coerced by his attorney's false promise that the sentence would run concurrently with a state sentence he was then serving and that the court, in violation of Rule 11(d), failed to determine whether his plea was voluntary.

The record does not support this contention. Cowin's counsel informed the court that two promises had been made as part of the plea bargain: (1) that the death penalty would not be imposed, and (2) that the United States Attorney would recommend dismissal of counts three and four if Cowin pled guilty to counts one and two. In addition, the United States Attorney promised to make an effort to avoid incarcerating Cowin in the same prison as a certain person implicated in the offense. Both Cowin

and his counsel told the court, in response to specific questions, that no other promises had been made. In response to further questions by the court, Cowin stated that he understood the sentences he might receive and the rights he would be relinquishing by pleading guilty, stated that his plea was voluntary, admitted his guilt, and described the manner in which the crime had been committed.

The record demonstrates that the judge, in accepting Cowin's plea, made full and specific inquiry into the matters on which Cowin now bases his claim of coercion. Cowin's own answers negate any implication of coercion.

Cowin next contends that he was entitled to an evidentiary hearing on his § 2255 motion. Section 2255 expressly states that a hearing need not be conducted on the motion if "the files and records of the case conclusively show that the prisoner is entitled to no relief." Cowin's allegation amounts to nothing more than a bare contradiction of the statements he made when he pled guilty, and therefore the district court did not err in denying the petition without an evidentiary hearing. *See United States v. Williams*, 536 F.2d 247 (8th Cir. 1976). This is not a case of allegations going beyond matters covered in the Rule 11 proceedings or allegations being supported by credible affidavits that raise a fair inference of an unkept plea bargain. Such a case would require a hearing. *See id.* at 250.

Affirmed.