**Lodee PERRY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1986.**

United States Court of Appeals, Eighth Circuit.

Submitted May 30, 1978.

Decided June 5, 1978.

David M. Johnson, Hayes & Heisler, Clayton, Mo., filed brief for appellant.

Robert D. Kingsland, U. S. Atty., and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Lodee Perry appeals from the District Court's denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2255. We affirm.

In 1975, in the United States District Court for the Eastern District of Missouri, Perry pled guilty to a charge of distributing heroin. He received a sentence of ten years and a special parole term of three years. Motions, pursuant to Fed.R.Crim.P. 35, for reduction of sentence were made and denied. In March, 1977, Perry filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. The petition was denied. *Perry v. U. S.*, 429 F.Supp. 938 (E.D.Mo.1977). Perry's appeal to this Court was dismissed on June 14, 1977.

On September 14, 1977, Perry filed another § 2255 petition seeking to vacate his sentence. In an unpublished memorandum and order, the District Court denied the petition finding that issues raised concerning the validity of Perry's guilty plea were either previously considered in Perry's first § 2255 petition and, therefore, they need not be reconsidered, or were without merit. This appeal followed.

Perry alleges that his plea was involuntary, uninformed and coerced because his attorney led him to believe a plea bargain had been struck whereby Perry would be sentenced to four years and be placed in a drug rehabilitation program, because his attorney told him what responses to give during the plea taking, because his attorney told him he would receive a thirty-year sentence if he went to trial and was found guilty, and because he was incompetent to respond to questioning due to drug addiction.

■ The transcript of the guilty plea hearing refutes these contentions, as does the affidavit of the attorney who represented Perry at the guilty plea hearing. At his plea taking, Perry answered "no" when asked if threats or promises had been made, or if any predictions had been made to him concerning his sentence. He answered "yes" when asked if he understood that he could receive a maximum of fifteen years and/or a fine of $25,000 and a special parole term of at least three years. In addition, he answered "yes" when asked if he did possess, on the stated date, one ounce of heroin. As the District Court held in regard to the first § 2255 petition, the transcript clearly illustrates that the plea taking hearing was adequate and the requirements of Fed.R.Crim.P. 11 were met. *Perry v. U. S., supra* at 939. *See U. S. v. Cowin*, 565 F.2d 548 (8th Cir. 1977); *U. S. v. Williams*, 536 F.2d 247 (8th Cir. 1976).

■ Perry also argues that the District Court's failure to grant a continuance to enable Perry's retained counsel to represent him forced Perry to accept appointed counsel and deprived him of his Sixth Amendment right to counsel. This argument was presented and decided adversely to Perry in his first § 2255 petition. *Perry v. U. S., supra* at 940. The record indicates that the District Court was willing to allow retained counsel to represent Perry, but no such person ever appeared. There is no allegation by Perry that the failure to grant a continuance resulted in Perry rendering an involuntary guilty plea, nor does Perry allege that his appointed counsel was ineffective. Even if the denial of the continuance was an abuse of discretion, it is not sufficient, under the circumstances presented here, to warrant a reversal. *U. S. v. Gotches*, 547 F.2d 80, 82 (8th Cir. 1977).

■ Perry further contends that the dismissal of Count I, after he pled guilty to Count II, removed a legal and factual basis for the charge under Count II, and that there was no evidence that he actually had possession of one ounce of heroin. Whatever claim he is raising concerning the sufficiency of the indictment was waived by his plea of guilty. *Houser v. United States*, 508 F.2d 509 (8th Cir. 1974). The claim that there was no evidence that he possessed one ounce of heroin must also fail. Regardless of whether this claim is one based on sufficiency of the evidence or on lack of a factual basis for the plea, Perry responded affirmatively when asked at the plea taking hearing whether he had been in possession

of one ounce of heroin. He does not now argue that his response was untrue.

The District Court's denial of the petition is affirmed.