HEANEY, Circuit Judge.
C. L. Richardson appeals from the District Court’s denial of his motion for post-conviction relief. We affirm in part and reverse in part.
On October 16, 1975, a grand jury for the Eastern District of Missouri returned a fifty-six-count indictment against several defendants, including Richardson, and charged them with numerous drug-related offenses. Richardson was specifically charged in four counts with violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846 and 18 U.S.C. § 2. He was subsequently arrested and pled not guilty. On December 4, 1975, he appeared before the District Court and changed his plea to guilty on a single count of conspiracy. The plea was accepted and Richardson was sentenced to twelve years imprisonment, to be followed by an eight-year special parole term.
On June 28, 1977, Richardson filed a pleading denominated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The District Court treated the pleading as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and denied the motion without holding an evidentiary hearing. This timely appeal ensued.
On appeal, Richardson contends that his guilty plea was involuntary because it was induced by unkept promises made by the Assistant United States Attorney, that the District Court failed to comply with Fed.R. Crim.P. 11 in accepting his guilty plea and that he had ineffective assistance of counsel.
I. Unkept Plea Bargain.
Richardson contends that his guilty plea was involuntary because it was induced by an unkept promise made by the Assistant United States Attorney that he would not be sentenced to more than seven years of imprisonment in the federal penitentiary.[1] The District Court held that Richardson was precluded from contending that he was promised a lesser sentence because of the following colloquy during the guilty plea proceeding:
THE COURT: Do you believe there is any understanding or predictions as to what sentence you would receive?
DEFENDANT RICHARDSON: No, sir.
Accordingly, the District Court summarily rejected Richardson’s contention without holding an evidentiary hearing.
In making this decision, the District Court may have read our opinion in United States v. Williams, 536 F.2d 247 (8th Cir. 1976),[2] as establishing a per se rule that *450 statements made during a guilty plea proceeding cannot be controverted in post-conviction proceedings. In Williams, we stated:
[T]he accuracy and truth of an accused’s statements at a Rule 11 proceeding in which his guilty plea is accepted are “conclusively” established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.
Id at 249-250, quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). Accord, United States v. Cowin, 565 F.2d 548, 549 (8th Cir. 1977).
We did not intend to establish a per se rule in Williams, nor would such a rule be appropriate. Since our opinion in Williams, the Supreme Court has discussed the question of when a post-conviction petition containing allegations contradicting statements made during a guilty plea proceeding may be summarily dismissed in Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).[3] The Supreme Court stated:
The subsequent presentation of concluso-ry allegations unsupported by specifies is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.
[Hjowever, * * * the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable. In administering the writ of habeas corpus and its § 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding all possibility that a defendant’s representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment.
Id. at 74-75, 97 S.Ct. at 1629 (citations and footnotes omitted).
Thus, we must consider whether, under the facts of this case, the District Court’s summary dismissal of Richardson’s contention was proper.
We have carefully examined this record in light of Blackledge v. Allison, supra, and United States v. Williams, supra, and are convinced that the District Court properly denied Richardson relief without an evidentiary hearing. Richardson’s allegations were conclusory and unsupported. Moreover, unlike the petitioner in Black-ledge v. Allison, supra, who alleged that his counsel had advised him to conceal any plea bargain, Richardson has offered no plausible excuse for his statements denying the existence of a promise as to the length of his sentence at his guilty plea proceeding. We also note that the District Court’s questioning in this case was sufficiently different from the litany of form questions asked by the trial court in Blackledge v. Allison, supra, to make Richardson’s answers entitled to more weight.[4]
*451 II. Noncompliance with Fed.R.Crim.P. 11.
Richardson contends that the District Court failed to comply with Fed.R.Crim.P. 11 in three respects.[5]
First, he contends that the District Court failed to make an adequate investigation into whether the plea was voluntary, as required by Fed.R.Crim.P. 11(d). The transcript of the plea proceeding, however, reflects that the District Court inquired whether Richardson understood the nature of the proceedings, explained the rights which would be waived by a guilty plea, explained the penalties involved, inquired whether any threats or promises had been made in regard to the plea, and inquired whether Richardson believed there was any understanding or prediction as to what sentence he would receive. The District Court then entered an oral finding that the plea was knowledgeable and voluntary. This colloquy was a sufficient investigation of the voluntariness of Richardson’s plea.
Second, he contends that the District Court failed adequately to inquire whether the guilty plea resulted from a plea agreement or prior discussions between Richardson, his attorney and the Assistant United States Attorney. The transcript indicates that the District Court clearly understood that there had been an agreement that the government would drop the other charges against Richardson in return for his pleading guilty to the conspiracy charge. It also indicates that Richardson assured the District Court that no threats or promises had been made and that he believed that there was no understanding or prediction as to what sentence he would receive. Richardson contends that this inquiry was insufficient because the District Court should have been on notice that the Assistant United States Attorney had also promised him that no proceedings would be instituted against his wife and that her car and business would not be confiscated. It is difficult to understand what Richardson contends to be the District Court’s error in this regard. Even though it was not specifically stated to be a part of the plea agreement, the Assistant United States Attorney did state on the record that Richardson’s wife would not be prosecuted and that her car and business would not be confiscated. Thus, the Assistant United States Attorney would be bound by this commitment made in open court. Accordingly, the inquiry as to the existence of a plea bargain was adequate.
Third, he contends that the District Court failed to inform him of the maximum length of the special parole term. The transcript of the plea proceeding shows that the District Court told Richardson that he could receive “a minimum special parole term of three years.” Richardson contends that this statement was not sufficient compliance with Fed.R.Crim.P. 11 because it did not inform the appellant of the maximum length of the special parole term — i. e., life. We agree.
This Court has held that a mandatory special parole term is a consequence of a guilty plea about which a defendant must be fully informed prior to the acceptance of his plea. See United States v. Richardson, 483 F.2d 516, 518-519 (8th Cir. 1973). In addition, Fed.R.Crim.P. 11(c)(1) specifically requires that a defendant be informed of “the maximum possible penalty provided by law.” In United States v. Journet, 544 F.2d 633 (2d Cir. 1976), the defendant’s conviction was reversed on direct appeal because, like Richardson, he had only been informed of the minimum three-year special parole term and had not been informed of the possibility of a lifetime special parole term.[6] *452 We agree with the Second Circuit that Fed. R.Crim.P. 11(c)(1) requires the District Court to warn the defendant that the “maximum possible penalty” includes a possible lifetime parole term.[7]
However, noncompliance with the formal requirements of a rule of criminal procedure is not cognizable in a § 2255 proceeding in the absence of prejudice to the defendant. See Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In cases filed under § 2255 where the defendant has not been properly advised of the existence of a special parole term, this Court has examined if the defendant was prejudiced by determining whether the maximum period of incarceration actually received is more or less than the maximum he had bargained for. See United States v. Ortiz, 545 F.2d 1122 (8th Cir. 1976); United States v. Rodrigue, 545 F.2d 75 (8th Cir. 1976); McRae v. United States, 540 F.2d 943 (8th Cir. 1976), cert. denied, 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977). Cf. United States v. Turner, 572 F.2d 1284 (8th Cir. 1978) (a motion under Fed.R.Crim.P. 32(d) to withdraw a guilty plea for failure to advise of the possible maximum life special parole term).
In this ease, Richardson was advised “that the possible maximum consequence of his plea could amount to a fine of not more than $25,000 or imprisonment for up to fifteen years or both followed by a minimum special parole term of three years.” He was not clearly advised of the possibility of a lifetime special parole term. The District Court sentenced Richardson to imprisonment for twelve years, to be followed by an eight-year special parole term. If the eight-year special parole term was to materialize, the maximum period of incarceration would be twenty years. It is two years more than the maximum sentence of fifteen years and special parole term of at least three years for which he had bargained. This difference is substantial enough to justify a finding that Richardson was prejudiced and unfairly compelled to accept the detrimental effects of his bargain without realizing its benefits. See United States Ex Rel. Baker v. Finkbeiner, 551 F.2d 180, 184 (7th Cir. 1977). If Richardson’s term of custody is limited to that portion of the sentence comporting with the sentence for which he had bargained, fundamental fairness will be served and Richardson’s plead need not be vacated. See United States Ex Rel. Baker v. Finkbeiner, supra; United States Ex Rel. Ferris v. Finkbeiner, 551 F.2d 185 (7th Cir. 1977), cert. denied, 435 U.S. 932, 98 S.Ct. 1508, 55 L.Ed.2d 530 (1978). However, if the District Court does not limit Richardson’s special parole term to five years, his plea of guilty shall be vacated.
III. Ineffective Assistance of Counsel.
Richardson’s allegation of ineffective assistance of counsel in the District Court was conclusory and, thus, it was properly summarily denied by the District Court. See Houser v. United States, 508 F.2d 509, 516 (8th Cir. 1974).
Affirmed in part and reversed in part.

. Richardson also contends that the Assistant United States Attorney promised him that the government would not confiscate his wife’s tavern or car, that his wife would not be charged with a criminal offense and that his counsel would return half of the fee if he pled guilty. None of these alleged promises merit extended discussion.
As the District Court noted, Richardson has never contended that his wife has been prosecuted or that her car and business have been confiscated. Thus, the alleged promises with respect to Richardson’s wife have not been broken. The alleged promise with respect to the refund of the fee is a matter between Richardson and his counsel and not a part of any plea agreement. The existence of such an agreement has, moreover, been denied by the sworn affidavit of Richardson’s counsel, which Richardson has made no attempt to refute. Under these circumstances, the District Court properly denied relief on these claims without an evidentiary hearing. Woods v. United States, 567 F.2d 861 (8th Cir., 1978).

. In United States v. Williams, 536 F.2d 247 (8th Cir. 1976), this Court held, on facts virtually identical to the instant case, that the § 2255 petitioner was not entitled to an evidentiary hearing because the allegations “amounted to no more than a bare contradiction of statements petitioner made when she pled guilty.” Id. at 250.

. In Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), the Supreme Court held that even if summary dismissal is inappropriate, a full evidentiary hearing may not always be required since alternative procedures, such as the use of affidavits, may obviate the need for a full hearing. Id. at 80-83, 97 S.Ct. 1621.

. In Blackledge v. Allison, supra, no transcript was made of the guilty plea hearing. Instead, the trial judge read a series of questions from a printed form that generally concerned the defendant’s understanding of the charge and the voluntariness of his plea. The court clerk transcribed the responses on a copy of the form which the defendant Allison later signed. Nowhere did the litany of form questions indicate that plea bargaining was a legitimate practice, which is not surprising, since the arraignment at which the petitioner was questioned took place only thirty-seven days after the Supreme Court announced its opinion in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), dispelling any lingering doubts as to the legitimacy of plea bargaining.

. We note that this Court has held that it has the duty to review the record for compliance with Rule 11 even though the claim was not presented to the District Court. See United States v. Hilyer, 543 F.2d 41, 42 (8th Cir. 1976); United States v. Untiedt, 479 F.2d 1265, 1266 (8th Cir. 1973); United States v. Briscoe, 428 F.2d 954, 957 (8th Cir.), cert. denied, 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970).

. But see Robert Franklin v. United States, et al., No. 75-1312 (4th Cir., filed August 19, 1975) (alternative holding). In this unreported per curiam opinion, the Fourth Circuit held that advising a defendant of the minimum length of the special parole term is sufficient disclosure that he might receive a longer term, and affirmed the denial of a § 2255 motion to vacate sentence.

. We also agree with the Second Circuit that
[t]he word “life-time” need not be used by the judge in delineating the maximum permissible parole term provided he clearly explains to the defendant the extent of the term which the court is authorized to impose. United States v. Joumet, 544 F.2d 633, 636 n.4 (2d Cir. 1976).