William Edward **SODDERS**, Appellant,

v.

Robert **PARRATT** and Paul Douglas, Appellees.

No. 82–1687.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 4, 1982.

Decided Dec. 1, 1982.

Jill Nagy, Lincoln, Neb., for appellant.

Paul L. Douglas, Atty. Gen., Lynne Rae Fritz, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before HEANEY and ROSS, Circuit Judges, and STEPHENSON,* Senior Circuit Judge.

PER CURIAM.

William E. Sodders is currently serving fifteen to thirty years in the Nebraska State Penitentiary for attempted murder. He appeals the district court's [1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sodders argues (1) the information charging him with attempted murder was jurisdictionally defective, and (2) the Nebraska attempt statute under which he was charged is unconstitutionally vague. We affirm.

Sodders pled guilty to attempted murder on May 2, 1980. At his arraignment Sodders admitted that he had attempted to hire a man to kill his wife. He had met with an undercover Omaha police officer and paid him $500 down on a $5,000 contract for the murder. The police officer arrested Sodders after the money changed hands. The Nebraska Supreme Court affirmed Sodders' conviction on April 3, 1981. Sodders sought a writ of habeas corpus from the United States District Court for the District of Nebraska. The district court tried the case based on stipulated facts and briefs from both parties. It denied Sodders' petition on May 18, 1982. This appeal followed.

■ Sodders first contends that the information filed against him was jurisdictionally defective because it did not allege any facts showing the elements of criminal attempt or state any specific overt act constituting the alleged attempt.[2] This contention is without merit. Sodders' voluntary guilty plea waived his claim that the

information was insufficient. *Perry v. United States,* 576 F.2d 158, 159 (8th Cir.), cert. denied, 439 U.S. 855, 99 S.Ct. 168, 58 L.Ed.2d 162 (1978). Under these circumstances the information cannot be challenged unless it fails to charge a crime. *See United States v. Broncheau,* 597 F.2d 1260, 1262 (9th Cir.), cert. denied, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). Since the information is clearly adequate to charge criminal attempt, Sodders' first claim fails.

■ Sodders next attacks the constitutionality of the Nebraska criminal attempt statute on vagueness grounds. We note at the outset that Sodders' guilty plea does not preclude this challenge. The Supreme Court has held: "A guilty plea * * * renders irrelevant [only] those constitutional violations * * * which do not stand in the way of conviction, if factual guilt is validly established." *Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975), *quoted in Country v. Parratt,* 684 F.2d 588, 589 n. 1 (8th Cir.1982). Accordingly, this Circuit and others have indicated that a guilty plea does not preclude a defendant from claiming that the statute under which he pleaded is unconstitutional. *See, e.g., Country v. Parratt, supra,* 684 F.2d at 589 n. 1; *United States v. Gaertner,* 583 F.2d 308 (7th Cir.1978), cert. denied, 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979).

■ Sodders' vagueness argument nevertheless fails because the statutory subsection which applies to Sodders, Neb. Rev.Stat. § 28–201(1)(b) (1977), is easily understandable.[3] When the First Amendment

---

* The HONORABLE ROY L. STEPHENSON, Senior Circuit Judge, died on November 5, 1982, but agreed to the disposition reflected in this opinion.

1. The Honorable Warren K. Urbom, Chief United States District Judge for the District of Nebraska.

2. The information charged Sodders as follows: That on or about the 5th day of March * * * [1980] William E. Sodders * * * in the County of Douglas in the State of Nebraska * * * did then and there purposely and with delib-

erate premeditated malice attempt to kill Judith Sodders, contrary to the form of the statutes * * * section 28–303(1).
   Section 28–303 is the Nebraska first degree murder statute. The information did not refer to the Nebraska attempt statute, § 28–201, however, the text of the information clearly charges Sodders with criminal attempt.

3. Section 28–201(1)(b) provides:
   (1) A person shall be guilty of an attempt to commit a crime if he:
   *     *     *     *     *     *

is not implicated, the statute must be examined in light of the case at hand when considering a vagueness challenge. *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975); *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Consequently, "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974), *quoted in United States v. Matya,* 541 F.2d 741, 747 (8th Cir.1976), *cert. denied,* 429 U.S. 1091, 97 S.Ct. 1101, 51 L.Ed.2d 536 (1977). Thus, even though another subsection of the statute may be "inartfully drawn and unduly complex,"[4] the statute is constitutional as applied to Sodders.

In view of the foregoing, the district court's denial of Sodders' petition for writ of habeas corpus is affirmed.

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

4. *State v. Sodders,* 208 Neb. 504, 507, 304 N.W.2d 62, 65 (1981) (referring to subsection two of the Nebraska criminal attempt statute).