**John–Tyronne MARTIN, Plaintiff,**

v.

**Darlene M. DAVIES, et al., Defendants.**

**No. 87 C 8976.**

United States District Court,
N.D. Illinois, E.D.

Sept. 19, 1988.

John–Tyronne Martin, a/k/a John Bynum, pro se.

Richard M. Daley, State's Atty. of Cook County by Daniel P. Slayden, Asst. State's Atty., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Plaintiff John–Tyronne Martin, an inmate at Cook County Jail, filed this lawsuit pursuant to 42 U.S.C. § 1983. Martin claims that defendants Darlene Davies and Verlinda Alexander, two clerks at the Jail's law library, denied him meaningful access to the courts by refusing to notarize his legal documents and by restricting his access to the library. Defendants have moved to dismiss Martin's pro se complaint. After reviewing the claims asserted in the complaint, this court grants defendants' motion to dismiss.

■ In his complaint, Martin alleges that defendants impeded his access to court in October 1987 when they refused to notarize a subpoena he had prepared. By Martin's own admission, however, Davies ultimately notarized the subpoena after initially refusing to do so. Moreover, although defendants denied his request for stamps, Martin still managed to mail his subpoena later that day, ensuring that the relevant parties would timely receive the subpoena. To establish a denial of meaningful access to the courts, a prisoner must make at least some showing of prejudice. *Isaac v. Jones*, 529 F.Supp. 175, 179 (N.D.Ill.1981). Since defendants did not prevent Martin from effectively issuing his subpoena, he cannot demonstrate that he suffered any actual harm because of defendants' conduct. Consequently, insofar as Martin's complaint rests on defendants' refusal to notarize his October 1987 subpoena, this court must dismiss his § 1983 claim.

■ Martin also asserts that policies established by defendants unduly restricted his access to the law library and prevented him from consulting with fellow inmates while in the library. According to Martin, defendants promulgated these policies as part of a conspiracy to deny him meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (for a prisoner, meaningful access to the courts entails reasonable access to the prison law library). If Martin has a quarrel with the Jail's library policies, however, his appropriate recourse is to seek relief under the terms of a 1982 consent decree. In accordance with that consent decree, administrators at Cook County Jail must provide inmates with sufficient access to the law library. *See Duran v. Elrod*, No. 74 C 2949 (N.D.Ill. Apr. 9, 1982). If prison officials are violating the terms of the consent decree, then Martin should seek relief by initiating contempt proceedings in *Duran*. *See Cotton v. Hutto*, 577 F.2d 453, 454 n. 2 (8th Cir.1978). Since Martin's proper remedy lies within the confines of the consent decree, this court dismisses Martin's complaint in its entirety.