978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Carl R. SANDLIN, Appellant,
v.
Nurse BROWN, Cummins Unit, Arkansas Department of
Correction; Jeff Rhinehart, Dr., Appellees.
 No. 92-2571.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 21, 1992.
Filed: October 26, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Ray Sandlin, an Arkansas inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action claiming violation of his Eighth Amendment rights. We affirm.
 
 
 2
 Sandlin sued PHP Healthcare, and PHP employees Nurse Jimmy Brown, Dr. Jeff Rinehart, Nurse Caldwell, and Cynthia Chaffin. Sandlin alleged that Brown failed to examine and treat him on certain dates in September 1990, and that Rinehart sexually assaulted him on November 15, 1990. After twice directing Sandlin to amend his complaint, the court dismissed Caldwell and Chaffin because Sandlin failed to mention specific claims against them. Upon motion of the defendant, the court dismissed PHP Healthcare because Sandlin failed to allege any practice or policy of PHP that had injured him.
 
 
 3
 Following an evidentiary hearing, the magistrate[2] found that the preponderance of the evidence did not support Sandlin's allegations of sexual assault or deliberate indifference to his serious medical needs, and recommended that Sandlin's complaint be dismissed. The district court adopted the magistrate's findings and conclusions over Sandlin's objections and entered judgment for defendants. On appeal, Sandlin argues that the court should not have dismissed defendants PHP Healthcare, Chaffin, and Caldwell. He also reiterates his allegations against Rinehart and Brown.
 
 
 4
 We conclude that the district court properly dismissed PHP Healthcare because Sandlin did not allege a practice or policy of PHP that injured him and because the doctrine of respondeat superior is inapplicable to claims brought pursuant to 42 U.S.C. § 1983. See Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978). Further, the district court did not err in dismissing defendants Chaffin and Caldwell. Sandlin had two opportunities to amend his complaint to include allegations against these defendants, but failed to do so. Finally, having carefully reviewed the record, we conclude that the district court's findings regarding Sandlin's claims against Rinehart and Brown were not clearly erroneous. See Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas