**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Marilyn Jo PRUITT,**
**Defendant/Appellant.**

**No. 82–1541.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1983.

Decided Sept. 7, 1983.

Certiorari Denied Dec. 5, 1983.
See 104 S.Ct. 536.

Roger W. Haines, Jr., Asst. U.S. Atty., San Diego, Cal., for plaintiff/appellee.

Floralynn Einesman, San Diego, Cal., for defendant/appellant.

Before SNEED and TANG, Circuit Judges, and INGRAM *, District Judge.

PER CURIAM:

Marilyn Jo Pruitt appeals her conviction of importing illegal aliens in violation of 8 U.S.C. § 1324(a)(2).

We affirm the conviction for the reasons below.

*Sufficiency of Indictment.* The conviction is upon two counts, each of which allege that defendant transported an alien "knowing that [he] was in the United States in violation of law, and having reasonable grounds to believe that said alien's entry into the United States occurred less than three years prior..." Appellant submits that the provision "having reasonable grounds to believe" is unconstitutionally vague and does not give intelligent warning of the offense charged.

A statute is sufficiently clear if it gives adequate notice of the proscribed conduct as applied "to the facts of the case at hand." *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975). One who contemplates the transportation of aliens concealed in the trunk of a vehicle through a Border Patrol checkpoint is under notice sufficient to be put upon inquiry as to when the aliens entered the United States. A different result is not compelled by our holding in *United States v. Gonzales-Hernandez,* 534 F.2d 1353 (9th Cir.1976). There we considered a conviction of 8 U.S.C. § 1324(a)(2) in the context of a stipulation that defendant knew that the aliens had entered the United States less than three years prior to the alleged transportation. Our holding did not therefore consider the "having reasonable grounds to

believe" standard, and cannot be read to require actual knowledge as the only permissable element of proof.

The language of the indictment is not unconstitutionally vague, and gives adequate warning of the offense with which appellant was charged.

*Lawfulness of Detention at Checkpoint.* Appellant was detained at a checkpoint for 20–30 minutes. During that time a border patrol officer, who had previously observed the rear of appellant's vehicle riding high and inflexibly, pushed down on the vehicle's rear end. He also observed the vehicle's fully inflated air shock absorbers which were plainly visible from the exterior of the vehicle.

Appellant argues that the length of detention at the checkpoint and the pressing on the vehicle were unlawful checkpoint activities which tainted the evidence subsequently obtained in the course of the investigation. Cf. *Hernandez v. United States,* 353 F.2d 624 (9th Cir.1965), *cert. denied,* 384 U.S. 1008, 86 S.Ct. 1972, 16 L.Ed.2d 1021 (1966); *United States v. Patacchia,* 602 F.2d 218, *modified,* 610 F.2d 648 (9th Cir.1979).

The observations of the condition of the vehicle and its shock absorbers were made within a short time after the stop at the checkpoint. Other than the touching of the vehicle, nothing else occurred of an investigative or interrogative nature. Thus, the length of the detention was not a factor which would taint the subsequent activity. *United States v. Mayes,* 524 F.2d 803 (9th Cir.1975). At any rate, the checkpoint detention was unrelated to the subsequent discovery of the aliens. The evidence upon which the officers relied in following appellant when she left the checkpoint was obtained visually when she was first stopped. Therefore, continued surveillance was justified. Cf. *Brown v. Texas,* 443 U.S. 47, 52 n. 7, 99 S.Ct. 2637, 2641 n. 7, 61 L.Ed.2d 357 (1979).

---

* Honorable William A. Ingram, United States District Judge for the Northern District of California, sitting by designation.

No stop was made until the officers observed appellant open the trunk of the vehicle, pass food into the trunk and appear to converse with someone therein. Taken together with the previous observations of the car, the officers had legitimate sources of founded suspicion.

■ *Right to Counsel.* The court properly exercised its discretion in denying appellant's motion to continue on the morning of trial so that retained counsel could be substituted for appointed counsel. *Good v. United States,* 378 F.2d 934 (9th Cir.1967). The trial judge expressly found that appellant's counsel was "very competent" and that the motion was made for purposes of delay. Appellant has not claimed that her counsel was incompetent, or that there were irreconcilable differences with her counsel. The exercise of discretion was proper within the standards set in *United States v. Mills,* 597 F.2d 693 (9th Cir.1975).

*Prosecutorial Misconduct.* At trial the prosecutor elicited testimony that appellant had demanded an attorney at the time that she was administered the *Miranda* warning. In addition, while discussing evidence of intent during argument, the prosecutor stated that "we did not put defendant's mind on this witness stand", in apparent reference to the fact that appellant had elected not to testify.

■ The trial court denied motions for mistrial. We review the trial court's determinations under a clearly erroneous standard.

■ It was clear that the eliciting of testimony relative to the request for an attorney was unexpected by the prosecutor, and that the testimony was inconsistent with prior testimony of the same witness. The court sustained appellant's objections to the testimony, found that the testimony was not intentionally elicited and that appellant was not prejudiced, denied the motion for mistrial, and instructed the jury as to the prior inconsistent testimony of the

witness. Under these circumstances, any error was harmless. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Appellant also claims that the prosecutor was improperly commenting on her failure to testify. A reference to the fact that appellant had not testified at trial will only cause a reversal if it appears that the comment may possibly have affected the verdict. *United States v. Armstrong,* 654 F.2d 1328 (9th Cir.1981), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1032, 71 L.Ed.2d 315 (1982). The court's exercise of discretion in denying appellant's motion for mistrial was not clearly erroneous: it was a single isolated statement, it did not stress any inference of guilt because of an election not to testify, and there were curative instructions.[1]

■ *Instructions.* The court properly refused appellant's proffered instruction that aiding and abetting illegal entry under 8 U.S.C. § 1325 and 18 U.S.C. § 2 are lesser-included offenses of 8 U.S.C. § 1324(a)(2). A violation of 8 U.S.C. § 1325 occurs only at the time of entry and does not continue thereafter. *United States v. Rincon-Jiminez,* 595 F.2d 1192 (9th Cir. 1979). Thus, the elements of a violation of 8 U.S.C. § 1325 are not contained within the elements of 8 U.S.C. § 1324(a)(2).

■ Nor did the court err in refusing appellant's proffered instruction that any alien who is unlawfully in the United States may be deported at any time, regardless of time of entry. Appellant argues that such an instruction illustrates that the illegal aliens in question had good reason to avoid immigration officers. But appellant had no theory of the case other than a denial of the charge, putting the government to its proof. Where the theory is a denial of the charge, the theory is adequately presented by instructions on the burden of proof of each element and on the presumption of innocence. *Baker v. United States,* 310 F.2d 924

1. Our holding is not to be interpreted as condoning a prosecutor's reference to a defendant's failure to testify. We find only that in the circumstances of this case, the denial of a motion for mistrial based upon such a comment was not clearly erroneous.

(9th Cir.1962). Those instructions were given and there is no reason to overturn the refusal to instruct as requested by appellant. *United States v. Skinner,* 667 F.2d 1306 (9th Cir.1982).

The judgment of conviction is AFFIRMED.