Carl COHOON, Petitioner-Appellant,

v.

John REES and David Armstrong, Attorney General of Kentucky, Respondents-Appellees.

No. 86–5046.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1987.

Decided June 5, 1987.

J. Vincent Buchanan, Rising Sun, Ohio, Jonathan G. Stotzer (argued), for petitioner-appellant.

David Armstrong, Atty. Gen. of Ky., Frankfort, Ky., Gerald Henry (argued), for respondents-appellees.

Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Carl Cohoon was convicted in Lyon Circuit Court in Kentucky in October 1983 for violation of Ky.Rev.Stat. Section 506.120, the Kentucky Criminal Syndication Statute. Cohoon, a state prison inmate, was convicted of involvement in a scheme to obtain and sell illegal drugs within the prison. At trial, Cohoon challenged the statute as unconstitutionally vague, in violation of his fifth and fourteenth amendment rights to equal protection and due process. Cohoon exhausted his appeals on the vagueness issue in the state courts. Before the Kentucky Supreme Court and this court, Cohoon argued that his vagueness objection at trial incorporated an unarticulated objection to an erroneous jury instruction. The federal district court dismissed his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because we find that Cohoon's actions were clearly in violation of § 506.-120, and that he failed to preserve his objection on the due process issue embodied in the jury instruction, we affirm that dismissal.

I

Cohoon was convicted of violating § 506.-120(1)(e) for his role in a scheme to smuggle drugs into the prison where he was incarcerated. Section 506.120(1)(e) reads, in relevant part:

(1) No person, with the purpose to establish or maintain a criminal syndicate or to facilitate any of its activities, shall do any of the following:

\*   \*   \*   \*   \*   \*

(e) Commit, or conspire or attempt to commit, or act as an accomplice in the commission of, any offense of a type in which a criminal syndicate engages on a continuing basis....

The first issue before this court is whether § 506.120(1), by using the phrase "with the purpose to establish or maintain a criminal syndicate or to facilitate *any* of its activities" (emphasis added), is unconstitutionally vague. *See, generally, Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Grayned v. Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Section 506.120(1) prohibits actions the purpose of which is facilitation of *any* of a criminal syndicate's activities. Cohoon argues that this could include purposeful facilitation of the *legal* activities of an unknown criminal syndicate. Thus, he would not have had notice that his acts were illegal.

However, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 551, 95 S.Ct. 710, 715, 42 L.Ed.2d 706 (1975), *citing United States v. National Dairy Products Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975); *U.S. v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *U.S. v. Pruitt,* 719 F.2d 975, 977 (9th Cir.), *cert. denied,* 464 U.S. 1012, 104

S.Ct. 536, 78 L.Ed.2d 716 (1983); *Sodders v. Parratt*, 693 F.2d 811, 813 (8th Cir.1982); *U.S. v. Bohonus*, 628 F.2d 1167, 1172 (9th Cir.), *cert. denied*, 447 U.S. 928, 100 S.Ct. 3026, 65 L.Ed.2d 1122 (1980); *U.S. v. Broncheau*, 597 F.2d 1260 (9th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979); *Robinson v. Berman*, 594 F.2d 1, 2 (1st Cir.1979). Cf. *U.S. v. Stewart*, 531 F.2d 326, 337 (6th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976). Thus, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974); *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Section 506.120(1) clearly applies to Cohoon's behavior.

■ Cohoon was charged with facilitating a criminal syndicate's illegal drug trafficking by knowingly participating directly in the drug trafficking itself. Such behavior is clearly proscribed by the statute. Further, the instruction to the jury required it to find that facilitation had occurred only if Cohoon, "acting with knowledge that another person is committing or tends to commit a crime, [engaged] in conduct which knowingly provide[d] such person with means of opportunity for the commission of the crime and which in fact aid[ed] such person to commit a crime." Thus, Cohoon's conviction was clearly premised on behavior barred by an undoubtedly constitutional application of § 506.120(1).

Even though § 506.120(1) conceivably could be read to reach a person who facilitates an unknown criminal syndicate's illegal activities by aiding its legal activities, those are not the facts in the present case. As applied to the existing facts, § 506.120(1) is not unconstitutionally vague.

## II

■ The second issue in this case is that § 506.120(3) makes a party's act facilitating a criminal syndicate's operations illegal only if those operations are committed on "a continuing basis," but fails to define "continuing basis." Thus, one would not have notice whether one's act would constitute aid to a criminal syndicate's continuing operations, or merely to its discrete actions. Cohoon also argues that one would not have notice whether one is aiding a criminal syndicate or merely a group of criminals, as a criminal syndicate is formed by the commission of certain crimes by five or more persons, but only if committed on a "continuing basis." However, the record establishes that the conduct of the drug smuggling ring falls within any reasonable definition of "continuing basis." The evidence at trial demonstrated that between late 1980 and April 1983, the group smuggled drugs into the prison numerous times. Cohoon wrote about seventeen letters to a co-conspirator in facilitation of the syndicate's goals. The letters themselves constitute continuing acts, and also describe a continuing series of other illegal activities. Section 506.120(3) is not unconstitutionally vague as applied to the set of facts before the court.

## III

The jury instruction failed to include an essential element of the charged offense, that the syndicate committed an "offense of a type in which a criminal syndicate engages on a continuing basis." Cohoon now claims that his vagueness objection, which he preserved for appeal, also included an objection to the jury instruction. Cohoon asserts that the erroneous instruction made the statute unconstitutionally vague, by applying a different standard of guilt to him than to others charged under § 506.120. This, he argues, is a violation of due process.

■ Although Cohoon argues in terms of vagueness, the essence of his argument is that the trial court violated due process by failing to instruct the jury on an essential element of the crime charged. *See, e.g., In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Glenn v. Dallman*, 686 F.2d 418 (6th Cir.1982). Action on a continuing basis is an essential element of a violation of § 506.120. *Commonwealth v. Phillips*, 655 S.W.2d 6 (Ky. 1983), *cert. denied*, 456 U.S. 1072, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984). The record clearly reveals that the trial court failed to

instruct the jury on that essential element. Thus, the error, if not harmless, violated Cohoon's due process rights.

Although Cohoon's argument seems meritorious, assuming that the error was not harmless, it is not properly before this court. Cohoon conceded to the Kentucky Supreme Court that he had not objected at trial to the proposed jury instructions, thus failing to preserve the issue for appellate review. *Carl Cohoon v. Commonwealth of Kentucky*, No. 84–SC–112–MR, slip op. at 3–4 (Kentucky Supreme Court, Sept. 13, 1984). Therefore Cohoon must now show that he had cause not to raise the objection at trial, and that the erroneous jury instruction prejudiced his case. *See, e.g. Wainwright v. Sykes*, 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Moreover, he did not raise the issue before the federal district court, a prerequisite for appellate review. *Stone v. Wingo*, 416 F.2d 857, 863 (6th Cir.1969); *Ford v. Wingo*, 472 F.2d 148 (6th Cir.1973). Cohoon does not even argue that his failure meets the "cause & prejudice" standard. Thus, the issue is not properly before this court and we do not address it.

The decision of the district court is AFFIRMED.