876 F.2d 103
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles DOZIER, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 88-3985.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles Dozier appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Dozier was convicted of murder and attempted murder following a jury trial in the Cuyahoga County Court of Common Pleas and was given concurrent sentences of 15 years to life and 4-25 years. The convictions were affirmed by the Ohio Court of Appeals on direct appeal and the Ohio Supreme Court refused permission to appeal further.
 
 
 3
 Dozier then filed his petition in the district court alleging as grounds for habeas relief: (1) that he was denied a jury instruction regarding the lesser included offense of voluntary manslaughter, (2) that his attorney was not permitted to argue orally the merits of a motion for acquittal, and (3) that a defense witness was improperly impeached with the fact of his homosexuality. The magistrate recommended that the petition be dismissed and Dozier filed objections. The district court conducted a de novo review, adopted the magistrate's recommendation, and dismissed the petition. Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 First, petitioner's lesser included offense instruction claim is without merit. Petitioner failed to request the instruction at trial and the Ohio Court of Appeals rejected this claim on direct appeal due to this failure. Therefore, the magistrate correctly concluded that petitioner must show "cause and prejudice" for this procedural default. See Harris v. Reed, 109 S.Ct. 1038, 1042-43 (1989); Cohoon v. Rees, 820 F.2d 784, 787 (6th Cir.1987) (per curiam); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986). However, petitioner waived this claim when he failed to assert a "cause and prejudice" claim in his objections to the magistrate's recommendation. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Moreover, the district court correctly noted that the failure to request the instruction was more likely a reasoned trial strategy decision in any event.
 
 
 5
 Second, petitioner waived his claim that counsel was not permitted to argue orally the motion for acquittal. Again, petitioner did not address this claim in his objections to the magistrate's recommendation and it has been waived. See Smith, 829 F.2d at 1373. Further, we conclude that this claim is frivolous.
 
 
 6
 Finally, we conclude that petitioner's improper impeachment claim is meritless because petitioner was not denied a fundamentally fair trial. See Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 108 S.Ct. 509 (1987). The magistrate and district court correctly concluded that the questions at issue were relevant to the relationship between the witness and petitioner. Under the circumstances, we conclude that the inquiries do not arise to the level of a constitutional deprivation.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.