887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry L. ARTRIP, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 88-3377.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Jerry L. Artrip, appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus. He now moves for the appointment of counsel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1985 petitioner was found guilty of aggravated burglary in violation of Ohio Rev.Code Ann. Sec. 2911.11 and was sentenced to a term of 15 to 25 years imprisonment. After his unsuccessful pursuit of a direct appeal, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Northern District of Ohio. As the basis of his claim to that relief, he maintained that his conviction was invalid because the prosecution had not proved that he had entered a dwelling with the intent to commit a felony, a necessary element of the offense of aggravated burglary. In particular, petitioner contended that the overwhelming evidence produced at trial demonstrated that he had been so intoxicated as to be unable to form the requisite intent. Rather than addressing the merits of that claim, the district court noted that petitioner had not raised that precise argument in his direct appeal. Accordingly, the court concluded that petitioner had failed to exhaust state remedies and ordered the dismissal of his petition for habeas relief. This appeal followed.
 
 
 3
 Based upon its own review of the record, this court initially concludes that the district court was correct in its determination that no state court had yet considered petitioner's argument concerning the effect of his intoxication on his ability to form the intent needed to commit an aggravated burglary. As a result, the district court did not err in finding that petitioner had failed to satisfy the exhaustion requirement contained in 28 U.S.C. Sec. 2254(b). Furthermore, that failure necessitates the dismissal of the petition for habeas relief even though no state proceeding remains available to petitioner through which he might obtain review of the intoxication claim by a state court. In particular, petitioner should have raised the intoxication issue during the course of his direct appeal and his failure to do so now precludes his raising of that matter in any state proceeding which he might now institute. See Keener v. Ridenour, 594 F.2d 581, 586-90 (6th Cir.1979). Under those circumstances a federal court must dismiss any habeas petition containing that issue unless petitioner can show the existence of cause for his failure to satisfy the procedural requirement which now bars any further state consideration of his claim and that he was in fact prejudiced by that failure. Teague v. Lane, 109 S.Ct. 1060, 1068-69 (1989); Cohoon v. Rees, 820 F.2d 784, 786 (6th Cir.1987) (per curiam); Ferguson v. Knight, 809 F.2d 1239, 1242-43 (6th Cir.1987) (per curiam). Review of the record discloses that petitioner has failed to establish either cause or prejudice in this case.
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.