918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence A. KELLEY III, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3737.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Lawrence A. Kelley III appeals an order of the district court which dismissed his three petitions for a writ of habeas corpus. He now moves for a change of venue or the assignment of the appeal to a special panel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1979, Kelley pleaded guilty to involuntary manslaughter and was sentenced to a term of two to ten years imprisonment. The Lucas County, Ohio Court of Common Pleas subsequently suspended that sentence and placed Kelley on probation for four years. In November 1982, however, that court determined that he had violated the conditions of his probation and directed that he be incarcerated for the remainder of his sentence. Kelley thereafter challenged the validity of that action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the United States District Court for the Northern District of Ohio. In addition, he filed two other habeas petitions asserting the invalidity of two misdemeanor convictions which had served as a partial basis for the revocation of his probation. After review of the record, however, the district court determined that Kelley's claims were without merit and dismissed each of the petitions for habeas relief. Kelley then filed this appeal.
 
 
 3
 This court has thoroughly examined the record and has concluded that the district court properly denied the petitions for habeas relief. The sentences which Kelley received in consequence of his misdemeanor convictions have fully expired. Accordingly, he is not in custody pursuant to those convictions which may no longer be the subject of a petition for a writ of habeas corpus. Maleng v. Cook, 109 S.Ct. 1923, 1926 (1989) (per curiam). Moreover, the decision of the Ohio Court of Appeals dismissing Kelley's delayed appeal due to his failure to file an acceptable brief stands as a procedural bar to consideration of the habeas petition challenging the legality of the revocation of his probation. Teague v. Lane, 109 S.Ct. 1060, 1068-69 (1989); Cohoon v. Rees, 820 F.2d 784, 786 (6th Cir.1987) (per curiam).
 
 
 4
 Accordingly, the motion for a change of venue or assignment of the appeal to a special panel is denied and the district court's final order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.