**Andrei BELEI, Petitioner—Appellant,**

v.

**R.A. CASTRO, Warden; et al.,
Respondents—Appellees.**

No. 02–55399.

D.C. No. CV–00–10903–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 24, 2004.

Phillip A. Trevino, Esq., Los Angeles, CA, for Petitioner–Appellant.

Richard B. Cullather, Esq., Los Angeles, CA, Donald E. Nicola, AAG, Los Angeles, CA, for Respondents–Appellees.

Before PREGERSON, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

Petitioner Andrei Belei seeks review of the denial of his petition for habeas corpus. He asserts that the district court erred by not finding prosecutorial misconduct when the prosecutor referred in closing argument to the Menendez brothers, and by not finding ineffective assistance of counsel where Belei's counsel failed to object to the prosecutor's comment. We are reviewing Belei's claim for plain error. *See United States v. Young*, 470 U.S. 1, 14, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

■ The prosecutor's single comment during closing argument—although highly inappropriate—did not deny Belei a fair trial. *See Darden v. Wainwright*, 477 U.S. 168, 183, 106 S.Ct. 2464, 91 L.Ed.2d 144

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(1986); *United States v. Pruitt,* 719 F.2d 975, 978 (9th Cir.1983). Any resulting prejudice was cured when the trial judge instructed the jurors that closing arguments are not evidence. *See United States v. Soulard,* 730 F.2d 1292, 1307 (9th Cir.1984); *Pruitt,* 719 F.2d at 978.

Similarly, we cannot conclude that Belei's counsel acted unreasonably by not objecting to the prosecutor's comment. *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, Belei's counsel's refusal to object during closing arguments was justified by reasonable trial strategy. *See Kimmelman v. Morrison,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

■ Belei also asks the court to expand his certificate of appealability (COA) to encompass his claim that the state court violated the Due Process Clause when it refused to award him funds to send an investigator to Russia to bolster his defense of combat-related post-traumatic stress disorder (PTSD). The scope of review in habeas cases under the Antiterrorism and Effective Death Penalty Act of 1996, *see* 28 U.S.C. § 2254, is limited to those issues specified in the COA. *Nardi v. Stewart,* 354 F.3d 1134, 1137 (9th Cir. 2004). Nonetheless, this court may expand the issues certified for appeal where the petitioner's assertion of a claim makes a "substantial showing of the denial of a constitutional right." *Id.* at 1138. Belei has not made such a showing. Belei has not demonstrated that he was entitled to state investigative funds, *see Mason v. State of Arizona,* 504 F.2d 1345, 1352–53 (9th Cir.1974); neither has he demonstrated how additional funds would have helped his PTSD defense. *See id.* Belei benefitted from the services of an investigator, the testimony of an expert witness in

PTSD, and the trial court's prohibition against the prosecutor calling into question the veracity of Belei's description of his combat experience in the Russian military. Belei has not shown that he was denied a constitutional right, and we thus decline to expand his COA.

AFFIRMED.