**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alma Angelina PEREZ, Defendant—Appellant.**

**No. 06–50119.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2007.

Filed Jan. 23, 2007.

Becky S. Walker, Esq., Robert McGahan, AUSA, Office of the U.S. Attorney

Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FISHER, CLIFTON and SMITH, Circuit Judges.

### MEMORANDUM *

Alma Perez appeals her conviction for misappropriation of postal funds under 18 U.S.C. § 1711 following a jury trial. Perez argues that the district court inadequately investigated the possibility of juror bias and that her sentence must be vacated because the prosecutor improperly vouched and committed *Griffin* error by commenting on her failure to testify. *See Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We review the district court's decisions regarding incidents of jury misconduct for an abuse of discretion. *United States v. Shryock,* 342 F.3d 948, 973 (9th Cir.2003). Because Perez failed to object to the prosecutor's statements at trial, we review her prosecutorial misconduct claims under the plain error standard. *See United States v. Bracy,* 67 F.3d 1421, 1431 (9th Cir.1995).

### I. Juror Bias

After dismissing Juror # 4 for telling another juror Perez was a "thief," the district judge addressed the remaining jurors as a group and asked them to let the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court know if anybody had expressed views about Perez's guilt or innocence or about the weight of the evidence against Perez. The judge allowed the jurors to return to the jury room and discretely identify themselves to a clerk. Juror # 9 acknowledged that she had also heard Juror # 4 express her conviction that Perez was guilty. Perez argues that the district court abused its discretion by refusing to individually investigate Juror # 3, who allegedly passed a note to Juror # 4.

We accord district courts wide latitude in selecting the appropriate format for investigations into alleged juror bias. *See Hard v. Burlington N. R.R.*, 812 F.2d 482, 485 (9th Cir.1987); *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir.1977). At most, we have required that the district judge utilize "a suitable framework for investigating" allegations of juror bias and gauging its effects. *Dyer v. Calderon*, 151 F.3d 970, 978 (9th Cir.1998) (en banc) (quoting *United States v. Boylan*, 898 F.2d 230, 258 (1st Cir.1990)). Although questioning Juror # 3 individually might have been a more focused way to investigate the juror's possible bias, we cannot say that the district court committed clear error by refusing to do so. Rather, the district court's method of investigation was sufficient because it was "reasonably calculated to resolve the doubts raised about" jury impartiality. *Id.* at 974–75.

## II. Prosecutorial Misconduct

■ Perez claims that the prosecutor violated her Fifth Amendment due process rights by commenting on her decision to not testify. *See Griffin,* 380 U.S. at 615, 85 S.Ct. 1229. In his closing statement, the prosecutor—speaking in Perez's voice—reminded the jury that they heard no testimony explaining that "I just wanted to keep the line going and I just wanted to make sure that customers were getting

their product and I took a few shortcuts to make that happen . . . ." In highlighting a lack of testimony that could have been provided only by the defendant, the prosecutor committed *Griffin* error. *See Lincoln v. Sunn,* 807 F.2d 805, 809 (9th Cir. 1987).

Because Perez did not object, however, we can grant relief only if the prosecutor's misstatements constituted plain error. *See* Fed.R.Crim.P. 52(b). No plain error occurred here because the prosecutor's comment was isolated. *See United States v. Tarazon,* 989 F.2d 1045, 1052 (9th Cir. 1993). In addition, reversal would be inappropriate because there was overwhelming evidence of Perez's guilt. *See United States v. Kennedy,* 714 F.2d 968, 976 (9th Cir.1983). No witness supported Perez's defense theories. *See United States v. Young,* 470 U.S. 1, 19, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). The government presented videotape documenting 170 instances where Perez engaged in dubious transactions. In light of this evidence, we do not think the comment possibly affected the verdict. *See United States v. Pruitt,* 719 F.2d 975, 978 (9th Cir.1983).

■ Perez also argues that the prosecutor improperly vouched on behalf of his key witness, Postal Inspector Lorretta Cummings, when he told the jury:

> Inspector Cummings, I respectfully submit to you, is a careful and dedicated postal inspector who gave [Perez] every benefit of the doubt, and we are here today not because she concluded that charges were appropriate. Because my office, after reviewing the evidence, concluded that charges were appropriate, and we were prepared to go to a jury and prove the case beyond a reasonable doubt.

The prosecutor appears to have improperly vouched by implying that Cummings' inspection had been independently re-

viewed and validated by the United States Attorney's office, thereby placing the prestige of the government behind her conclusions. *See United States v. Hermanek,* 289 F.3d 1076, 1099 (9th Cir.2002). (finding vouching when the prosecutor "conveyed to the jury a message that [the] prosecutor[ ] 'personally believed, based on [his] own observations,' in the integrity and good faith of the investigation"). Under the "invited reply" rule, prosecutors are permitted to vouch for the credibility of challenged witnesses under certain circumstances, *see Young,* 470 U.S. at 11–12, 105 S.Ct. 1038; *Lawn v. United States,* 355 U.S. 339, 359 n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958), but the exception is not triggered where, as here, the defense simply attacks the credibility of a witness without touching on the prosecutor's integrity, *see United States v. Smith,* 962 F.2d 923, 934 (9th Cir.1992).

■ Nonetheless, reversal is inappropriate because the vouching did not constitute plain error. The vouching was isolated, *see Hermanek,* 289 F.3d at 1102, and it is unlikely that the jury was improperly influenced by the prosecutor's remarks because the evidence against Perez was so strong, *see United States v. Laurins,* 857 F.2d 529, 539–40 (9th Cir.1988).

**AFFIRMED.**