NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0260n.06

NO. 13-3810

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 07, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| WILLIAM B. SILVIUS, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | AMENDED OPINION |

Before: COLE and ROGERS, Circuit Judges; and HOOD, District Judge.*

HOOD, District Judge. Defendant-Appellant appeals from the judgment of the district court with respect to his conviction for selling modification chips and swap discs in violation of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(2)(A) and 1204(a). He entered into a conditional guilty plea before the district court, preserving the right to appeal whether § 1201(a)(2)(A) is unconstitutionally vague and asks this Court to conclude that "[a] reasonable person would not have adequate notice of the conduct that is prohibited under the DMCA[,] in this case, that conduct being the selling of un-flashed [modification] chips" and swap discs. We decline to reach that conclusion for the reasons set forth in this opinion and **AFFIRM** the judgment of the district court.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

On April 3, 2012, a federal grand jury in the Northern District of Ohio returned an indictment charging that Silvius "knowingly and willfully manufactured, imported, offered to the public, provided and otherwise trafficked in technology, products, services, devices, components and parts thereof, which were primarily designed to circumvent technological measures designed to effectively control access to a work copyrighted under Title 17 of the United States Code, for purposes of commercial advantage or private financial gain, in violation of" 17 U.S.C. §§ 1201(a)(2)(A) and 1204(a). [Indictment, PageID# 1.]

Defendant filed a Motion to Dismiss the Indictment, arguing among other things that § 1201(a)(2)(A) was unconstitutionally vague with respect to its application to the sale of modification chips. The district court denied his motion, observing that it did not present "a purely legal question" and "that vagueness challenges to statues which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand." [Order, PageID## 88–89.] Because there were "too many unresolved questions of fact at th[at] stage of the case to determine whether Mr. Silvius ha[d] standing to challenge 17 U.S.C. § 1201 on vagueness grounds, . . . [the court concluded that] [t]he proper course [wa]s to let a jury decide the questions of fact." [*Id.*]

On March 29, 2013, Silvius pleaded guilty to violating § 1201(a)(2)(A), the trafficking provision of the DMCA, which prohibits trafficking copyright control access circumvention tools, pursuant to a written plea agreement with the government, reserving the right to appeal the judgment entered on the grounds that § 1201(a)(2)(A) is unconstitutionally vague. At the hearing, Defendant initialed each page of the plea agreement, including the pages containing the stipulated facts, set forth below. During the plea hearing, the prosecutor read the plea agreement into the record. When asked if the plea agreement the prosecutor read constituted Silvius' "complete understanding of what the plea agreement [was]," Silvius said, "Yes, sir." [Plea Transcript, PageID# 204.] When asked

if there was anything he had a question about or did not understand, Silvius said, "No, sir," and subsequently pleaded guilty. [*Id*. at PageID# 205.]

Defendant conceded, as the factual basis for his plea, that, beginning before June 11, 2007, and continuing until on or about August 1, 2007, he offered to the public via an internet website, www.thegiantstore.com, "the sale of illegal modification chips and swap discs, *which were designed to circumvent the copyright protection features* designed into Sony Playstation 2, Microsoft Xbox, and Nintendo Wii video game consoles by the video game console manufacturers to prevent the playback of pirated and/or counterfeit video games." [Plea Agreement, PageID# 109 (emphasis added).] Silvius also admitted that he operated two other websites, www.modking.com and www.modmonster.com, which both advertised the sale of modification chips and swap discs.

He further admitted that, on or about June 11, 2007, an undercover Special Agent from the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") office in Cleveland, Ohio, ordered five AppleX7 modification chips and four PSTwo Slim Flip Top Covers with Swap Magic 3.6 Plus swap discs from Silvius' website, www.thegiantstore.com, for a total price of $213.99, including shipping. Then, on June 18, 2007, the ICE agent sent a money order for $213.99 via U.S. mail to Silvius' address in Homosassa Springs, Florida, as instructed during the ordering process via www.thegiantstore.com. Silvius also admitted that records obtained from HSBC Bank revealed that the money order was deposited into an HSBC bank account maintained by him.

He admitted that, on June 28, 2007, the ICE agent received five AppleX7 modification chips and four PSTwo Slim Flip Top Covers with Swap Magic 3.6 Plus swap discs at an undercover mailbox in Strongsville, Ohio, and that the packaging listed the return address of Silvius' business. He also admitted that an expert who examined the five modification chips and four swap discs received by the ICE agent determined that they were illegal circumvention devices for the Microsoft

3

Xbox console and Sony PlayStation 2 console, respectively. Finally, he admitted that, on August 1, 2007, ICE agents executed a search warrant at his business in Homosassa, Florida, seizing various electronic components and equipment, including several computers and computer hard drives, numerous modification chips and swap discs, a "pre-modded" gaming console, and documentation about selling illegal modification chips.

On June 14, 2013, the district court sentenced Silvius to two years of probation and ordered him to pay a $2,500 fine and a $100 special assessment. The court also ordered Silvius to complete 100 hours of community service. The court entered a final judgment on June 21, 2013. Silvius filed his Notice of Appeal on July 1, 2013.

## II.

"In reviewing a district court's ruling on a motion to dismiss an indictment, this Court reviews the district court's legal conclusions de novo and its finding of fact for clear error or abuse of discretion." *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013) (citations omitted).

## III.

The DMCA prohibits trafficking any device that circumvents copyright control access technology without the copyright owner's permission, by providing that:

> No person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that . . . is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected under this title.

17 U.S.C. § 1201(a)(2)(A). Under 17 U.S.C. § 1204, a person who "willfully" violates § 1201(a)(2)(A) "for purposes of commercial advantage or private financial gain" faces a five-year statutory maximum imprisonment sentence and a maximum $500,000 fine.

Silvius argues that the district court erred when it denied his motion to dismiss the indictment

4

and that he was subject to conviction without due process under the Fourteenth Amendment to the United States Constitution because § 1201(a)(2)(A) is void for vagueness with respect to the sale of modification chips and swap discs.[1]  Specifically, he contends that § 1201(a)(2)(A) does not sufficiently make clear that the prohibition against trafficking control access circumvention tools applied to his sale of modification chips or swap disks because they are not named in the statute and because there exist legitimate uses for these items which would permit their fair use by a consumer under 17 U.S.C. § 107 or the exemptions set forth in § 1201(d)–(k).  However, in the factual basis for his plea agreement, Silvius admitted that he offered to the public, via his website, "the sale of illegal modification chips and swap discs, *which were designed to circumvent the copyright protection features* designed into Sony Playstation 2, Microsoft Xbox, and Nintendo Wii video game consoles by the video game console manufacturers to prevent the playback of pirated and/or counterfeit video games."  [Plea Agreement, PageID# 109 (emphasis added).]

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted).  Where, as here, "the first amendment is not implicated, a 'void for vagueness' challenge must be unconstitutional as applied to the defendant

---

[1]    The United States argues that Defendant has waived any argument that 17 U.S.C. § 1201(a)(2)(A) is unconstitutionally vague or overbroad with respect to the sale of swap discs since he failed to articulate that argument in his Appellant's Brief.  If so, the United States argues that any decision we might reach with respect to his challenge to the statute as applied to his sale of modification chips would be advisory in nature because his conviction for the sale of swap discs forms an independent factual basis for his guilty plea.  We need not resolve this issue because any argument with respect to either swap discs or modification chips was forestalled when Defendant agreed in his plea that his sale of these items fell within the scope of behavior forbidden by the statute as explained in this decision.

and 'must be examined in light of the facts of the case at hand,'" *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990) (quoting *United States v. Barnes*, 890 F.2d 545, 552 (1st Cir. 1989)), not with respect "to the conduct of others." *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2719 (2010) (internal quotation marks and citation omitted). Thus, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Cohoon v. Rees*, 820 F.2d 784, 786 (6th Cir. 1987) (quoting *Parker v. Levy*, 417 U.S. 733, 756 (1974), and citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)).

Defendant has admitted that he offered modification chips and swap discs for sale that were intended to circumvent copyright protection features of certain devices and has conceded that the statute clearly applies to his conduct, his arguments on appeal notwithstanding. Under Federal Rule of Criminal Procedure 11(b)(3), "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." A "district court may determine the existence of the Rule 11(f) factual basis from a number of sources including a statement on the record from the government prosecutors as well as a statement from the defendant." *United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007) (quoting *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995)). The factual basis for Silvius' guilty plea included his admissions that the modification chips and swap discs that he sold were, in fact, circumvention devices as described by the language of the statute. [Plea Agreement, PageID## 108-10; Plea Tr., PageID## 198-200, 204–05.] Thus, his argument that "[a]n unflashed modification chip for a video game console does not have the ability on its own to circumvent a technological measure," [Appellant's Br. at 24], is irrelevant in the face of his own admission that the modification chips and swap discs that he offered for sale were "primarily designed to circumvent technological measures which were designed to effectively

control access to a [copyrighted] work," including the "copyright protection features designed into Sony Playstation 2, Microsoft Xbox, and Nintendo Wii video game consoles."[2] [Plea Agreement, PageID## 108–109.] Therefore, Silvius "cannot challenge the sufficiency of the evidence [justifying the district court's finding of guilt] when he pleaded guilty because [he] accepted the facts as set out in the plea." *Sexton v. United States*, No. 94-5611, 1995 WL 521157, at *5 (6th Cir. Sept. 1, 1995) (citing *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987)).

Finally, Silvius offers no support for his claim that he was wrongfully prosecuted because he was "arbitrarily chosen from hundreds, if not thousands, of retail modification chip providers in the United States." [Appellant's Br. at 30.] "It is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). We will not "put flesh" on the bones of Silvius' "skeletal" argument and will consider it no further. *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (citations omitted).

**IV.**

For all of the reasons stated above, the judgment of the district court is **AFFIRMED**.

---

[2] Silvius elected to enter into a guilty plea at which time he stipulated to the facts concerning his conduct. *See* Fed. R. Crim. P. 11(b)(3). Without a factual basis, the district court could not have accepted his guilty plea, conditional or not, and there would have been a trial to determine the facts. *Id.* Because Silvius made that stipulation, the factual question which prompted the district court to deny his Motion to Dismiss no longer exists, and the facts conceded by Defendant Silvius during his guilty plea, conditional though it was, are the only facts before this panel. We decline to reopen this matter for fact-finding on direct appeal and consider only the legal import of Defendant's stipulation.